FILED

2006 Apr-26  AM 11:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| vs. | **)** | CASE NUMBER: 2:05-cr-0061-RBP-TMP |
| | **)** | |
| **U.S. INFRASTRUCTURE, INC.,** | **)** | |
| **et al.** | **)** | |

## SUPPLEMENTAL MOTION TO DISMISS CHARGES DUE TO
## PROSECUTORIAL MISCONDUCT AND MISUSE OF THE GRAND JURY

COMES NOW Defendants SOHAN P. SINGH, EDWARD T. KEY, Jr., and US INFRASTRUCTURE, INC., (herein "USI"),(collectively herein, "the defendants"), and hereby respectfully move this Court to dismiss all charges contained in the second superceding indictment based on prosecutorial misconduct and misuse of the grand jury.  This motion is in supplement to our Motion to Quash a Grand Jury Subpoena and Dismiss Charges dated October 26, 2005.  The defendants state as follows:

### FACTUAL BACKGROUND

As set out in previous pleadings, the government continued to use the authority of the Federal Grand Jury empaneled on September 22, 2004, in the Northern District of Alabama, to investigate the defendants herein after they had been indicted.  Indictments were returned on February 7, 2005, June 22, 2005, and August 25, 2005. The prosecutor continued to issue investigative grand jury subpoenas for records and testimony in April,  May, June, July, August, September, October and November.  Except for the November subpoena, all others were issued under the authority of the same grand jury and the same 2002 U.S. Attorney docket number, 2002R00488, which had returned the original and superseding indictments.  In a complete lack of governmental control, enforcement of some

subpoenas was requested before and after the indictments evaluating probable cause toward indictments.  Certain post-indictment grand jury testimony of witnesses centered around allegations already considered as probable cause toward indictment.

Nevertheless, after three versions of the indictment, another investigative subpoena was issued to USI for record production on November 28, 2005 (November subpoena).  Notably, this subpoena contained a new U.S. Attorney docket number, 2005R00899, and a new prosecutor, Mr. Carroll. It was identical to a subpoena version (October subpoena) issued in October bearing the old 2002 case number and the special prosecutor, Mr. Dillon.

At a hearing to quash the November subpoena, held on December 22, 2005, Mr. Carroll represented and convinced the court that the November subpoena was issued in pursuit of a "new tax investigation of Mr. Key," seeking information separate and apart from the pending indicted charges. USI timely complied with the court's order compelling production by providing records on January 13, 2006.  Thereafter, in his letter of February 23,2006, AUSA Carroll informed the court ex parte, that the grand jury "had completed its investigation in this matter" and does not anticipate charging Mr. Key with tax charges.

**SUPPLEMENTAL ARGUMENT**

Contained in the allegations of the second superseding indictment returned in August, 2005, Count Fifty, Paragraph Nine, the defendants herein are charged with concealing the existence of bribe payments by certain $90,000 withdrawals from bank accounts.  In grand jury testimony developed on August 25, 2005, subpoenaed USI employee, Bill Thomas, characterized the $90,000 transactions as stock purchases and loans involving Mr. Key.  In an effort to corroborate its theory, as if no indictment existed, Mr. Dillon issued the October subpoena, seeking USI records that may substantiate the questioned payments.  The defendant's moved to quash the October subpoena without response or attempted enforcement by the government.  As a result, seeking to legitimize and justify its inquiry, the new investigative file number was initiated and the identical November subpoena was

issued to defendant USI. Based on the affirmative assertions by the government, the November subpoena was enforced by the court.

Less than forty days after compliance with the November subpoena, in an unprecedented effort to "clean up" the record, the government has informed the court that it is concluding its grand jury inquiry into the "new tax case." The defendants were copied on the ex parte court communication, "to update" the court on the status of the investigation, on March 22, 2006, almost a month after the court letter was dated.

As noted at the motion to quash hearing, federal grand jury tax investigations are strictly governed by Department of Justice (DOJ) policy. In order to preserve the integrity of the grand jury process in conjunction with the tax collection mission, grand jury tax investigations must be authorized at high levels of both the Internal Revenue Service (IRS) and the DOJ Tax Division. Checks and balances are in place for the proper handling and disclosure of tax information, which for the most part, may not be disclosed outside the IRS without specific authorization. A track record of events is maintained by both agencies to ensure that the criminal inquiry of the grand jury is not used for the civil tax compliance efforts of the IRS. Conversely, the tax information provided to the IRS by taxpayers, may not ordinarily be disclosed for reasons other than those authorized by law.

The government, in this case, claims that it opened a "new tax investigation" in order to investigate Ed Key, already indicted in two superseding indictments. In order to justify its October subpoena representative of the indicted investigation, the government informed the court, that the November subpoena was a good-faith effort to collect evidence of tax evasion. The good faith was exemplified by the new case number and the new prosecutor seeking the same information from the same defendants.

The government now intends to use the grand jury material collected under the authority of dozens of post-indictment investigative subpoenas, including the November subpoena, for whatever reason it deems appropriate, resolving, "there is no rule against it." Such cumulative conduct is an

3

absolute misuse of the grand jury process.   Prosecutors cannot utilize the grand jury solely or even primarily for the purpose of gathering evidence in the pending litigation. *United States v. Brothers Construction,* 219 F3d 300, 314 (4th Cir. 2000).  Now that the evidence is gathered, it is commingled with all of the other evidence and therefore available for use in the only case that remains pending, the indicted case.

On at least two occasions, including the bond hearing of February 23, 2006, Mr. Dillon offered and exposed Mr. Singh's personal tax returns to public record.  Although there has been no announcement that Mr. Singh was under tax investigation, the special prosecutor was in possession and offered Mr. Singh's tax returns to the court in support of his position on bond.  Mr. Dillon acted in total disregard of the strict disclosure requirements of *Title 26, U.S.C. § 6103*.

 It is also unprecedented that the government "inform" the court of the status of its investigation.  Such an effort further evidences the government's attempt to "cover its tracks" in its cavalier handling of these cases before the grand jury.

### <u>RELIEF SOUGHT</u>

The defendants herein hereby request the court to (1) make available all internal approval documents between the IRS and DOJ relating to the grand jury investigation, (2) make available all tax documents illegally delivered from the IRS to DOJ, (3) make available all internal closing documents which terminate the tax investigation, and (4) dismiss all charges against the defendants herein contained in the second superseding indictment.  The defendants also request a hearing on these matters.

Respectfully submitted, this the 26 th day of April, 2006.

/s/Samuel R. McCord_____
Samuel R. McCord
Attorney for Defendant US Infrastructure, Inc.

/s/Roger Brown.
Roger Brown
Attorney for Defendant Ed Key


/s/George W. Andrews, III.
George W. Andrews, III.
Attorney for Defendant Sohan Singh

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served on the government by e-mail on this the 26 th day of April, 2006, to the attorney of record:


Alice H. Martin, Esq.
United States Attorney's Office
1801 4th Avenue North
Birmingham, Alabama 35203
Alice.martin@usdoj.gov

William Dillon, Esq.
United States Attorney's Office
Richard B. Russell Building
75 Spring Street, S.W., Suite 1174
Atlanta, Georgia 30303
William.dillon@usdoj.gov


/s/Samuel R. McCord

6